UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>KAYLEN RAINEY,<br><br>Defendant. | 22-cr-91 (RA)<br><br>ORDER |

RONNIE ABRAMS, United States District Judge:

On January 9, 2024, the Government submitted a letter to the Court, moving for Mr. Rainey to be released pending his sentencing. The Government also requested that its letter be filed under seal. On January 17, 2024, the Court denied the motion for release and application to seal. In its denial of the Government's application, however, the Court permitted the parties to object to the disclosure of specific information and thus filed the letter under seal pending the parties' objections. After reviewing the parties' objections, the Court finds the redaction of the address at which Mr. Rainey sought to reside and the name of the proposed third-party custodian to be narrowly tailored and appropriate given the safety and privacy interests of Mr. Rainey and third parties.

"The common law right of public access to judicial documents is firmly rooted in our nation's history." *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119 (2d Cir. 2006). "The presumption of access is based on the need for federal courts . . . to have a measure of accountability and for the public to have confidence in the administration of justice." *United States v. Amodeo*, 71 F.3d 1044, 1048 (2d Cir. 1995). In light of these important considerations, the Second Circuit has articulated a three-part test for evaluating whether documents submitted to a federal court may be sealed. *Lugosch*, 435 F.3d at 119–20. First, the court must determine whether the documents at issue are "judicial documents." *Id.* at 119. Second, the court must assess the weight of the common law presumption of access that attaches to those documents. *Id.* Third, the

court must balance competing considerations against the presumption of access, such as "the danger of impairing law enforcement or judicial efficiency and the privacy interests of those resisting disclosure." *Id.* at 120 (internal quotation marks omitted). A court must "make specific, rigorous findings before sealing [a] document or otherwise denying public access." *Bernstein v. Bernstein Litowitz Berger & Grossmann LLP*, 814 F.3d 132, 141 (2d Cir. 2016) (quoting *Newsday LLC v. Cnty. of Nassau*, 730 F.3d 156, 167 n.15 (2d Cir. 2013)).

The Court finds the Government's January 9th letter to be "relevant to the performance of the judicial function and useful in the judicial process," and it is thus a judicial document to which the presumption of public access attaches. *See United States v. Amodeo*, 44 F.3d 141, 145 (2d Cir. 1995); *see also United States v. Maxwell*, 2020 WL 7646891, at *1 (S.D.N.Y. Dec. 23, 2020) (holding that the common law presumption of access attaches to the defendant's submissions in support of her renewed bail application). In balancing the presumption of access against competing considerations, "the privacy interests of innocent third parties should weigh heavily in a court's balancing equation." *Amodeo*, 71 F.3d at 1050 (cleaned up). A court must also weigh "[t]he nature and degree of injury" of disclosure. *Id.* at 1051. Redactions have thus been found appropriate in light of "safety and security concerns" for third parties. *See United States v. Khan*, 2008 WL 2323375, at *1 n.2 (E.D.N.Y. June 2, 2008); *Walker v. City of New York*, 2017 WL 2799159, at *6 (E.D.N.Y. June 27, 2017) ("[T]he safety of the complaining witness and his family constitutes a 'higher value' which should be protected by filing of redacted versions of the summary judgment papers."). The same is true for cooperating witnesses. *See United States v. Doe*, 2019 WL 1081675, at *8 (D. Conn. Mar. 6, 2019) (considering the "mitigation of the risk of harm to a cooperating defendant who is in custody"); *see also United States v. De La Rosa*, 2021 WL 411405, at *5 (S.D.N.Y. Jan. 29, 2021) ("[T]he safety of a cooperating defendant can constitute a compelling interest that may be weighed against a First Amendment presumption of access." (quoting *United States v. LeRoux*, 2020 WL 3051261, at *1 (S.D.N.Y. June 8, 2020))). Moreover, where release of

information "is likely to cause persons in the particular or future cases to resist involvement where cooperation is desirable, that effect should be weighed against the presumption of access." *Amodeo*, 71 F.3d at 1050; *see also Doe*, 2019 WL 1081675, at *8 (considering "the interest of the federal criminal justice system in having people being willing to assume the risks associated with cooperating with the government").

Mr. Rainey testified as a cooperating witness for the Government in its case against Mr. Ortega, and Mr. Ortega previously threatened Mr. Rainey in light of that cooperation. *See* Dkt. 132 at 706–10; Dkt. 177 at 66. Accordingly, the Court finds it justifiable and appropriate to redact Mr. Rainey's proposed address, as well as the name of the proposed third-party custodian.

For the foregoing reasons, the Court grants the application for redaction.

SO ORDERED.

Dated:   January 25, 2024
         New York, New York

_____
Ronnie Abrams
United States District Judge